IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

EARL B. PAGE                              )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )   Case No. 3:05-cv-1031-MEF
                                          )              (WO)
HORIZONS YOUTH SERVICES,                  )
                                          )
          Defendant.                      )

## MEMORANDUM OPINION AND ORDER

On October 27, 2005, Plaintiff Earl B. Page filed suit in this Court against Horizons

Youth Services (hereinafter "Horizons").  Page alleges that while he was attending the

Muhlenberg Career Development Center (hereinafter "Muhlenberg") in Greenville, KY he

was brutally attacked by several students and now suffers from severe back pain as a result

of the beating.  He also alleges that, following the incident, Muhlenberg refused to transfer

him, thereby denying him the opportunity to get a trade.

A federal court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins.,* 511

U.S. 375, 377 (1994).  That is, a federal court is authorized to entertain only certain actions

which the Constitution or Congress has authorized it to hear.  *Id.*  "It is to be presumed that

a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary

rests upon the party asserting jurisdiction,...."  *Id.* (citations omitted).  Therefore, a plaintiff

is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in his complaint

"a short and plain statement of the grounds upon which the court's jurisdiction depends."

A federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r,* 614 F.2d 532, 533 (5th Cir. 1980) (same).[1]  Even though the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have "license to serve as *de facto* counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action...." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998).  "[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co .,* 228 F.3d 1255, 1261 (11th Cir. 2000).  *Accord*, *Barnett v. Bailey,* 956 F.2d 1036, 1039-41 (11th Cir.1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found).

After a careful review of the allegations of the Complaint, this Court finds no conceivable facts on which to base an exercise of this Court's subject matter jurisdiction over this action.  District courts have jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The Court finds no

---

[1]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2

allegations of Constitutional or federal statutory violations anywhere in the Complaint. Alternatively, district courts have jurisdiction over cases where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332.  It is not clear from the Complaint whether Plaintiff and Defendant are citizens of different states, but even assuming that they are, the amount of Page's claim is only $3,000. Therefore, the Court finds that Page has failed to articulate any conceivable basis for *federal* subject matter jurisdiction.  Indeed, this case seems to present issues which are uniquely appropriate for disposition by a court of the State of Alabama, rather than this Court.  Unless Page is able to articulate a basis for this Court to exercise subject matter jurisdiction, this case must be dismissed without prejudice.  Accordingly, it is hereby ORDERED that

Plaintiff is DIRECTED to file an Amended Complaint which clearly sets forth the factual and legal basis for this Court's subject matter jurisdiction by no later than **April 10, 2006**.  Failure to timely file an Amended Complaint in compliance with this Order will result in the immediate dismissal of this case without prejudice for want of subject matter jurisdiction.  Moreover, should it appear to the Court from the Amended Complaint that it lacks subject matter jurisdiction over this action, this case will be dismissed without prejudice for want of subject matter jurisdiction.  Such a dismissal should not prejudice Plaintiff's ability to pursue his action in a court of the State of Alabama.

DONE this the 27th day of March, 2006.


_____
        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

3